STATE OF NEBRASKA, EX REL. LAWRENCE FOSSLER, V. J. R. WEBSTER, COUNTY JUDGE.

1. **Naturalization of Aliens.** A court without any clerk, distinct from the judge of such court, is not a court "having a clerk" within the meaning of section 2165 of the Revised Statutes of the United States, providing for the naturalization of aliens, and such court is not competent to naturalize aliens.

2. **County Courts:** APPOINTMENT OF CLERKS. The act passed February 15, 1877, by the legislature of Nebraska, does not confer any authority, either express or implied, for the appointment of a clerk for the county judge.

ORIGINAL application for mandamus.

*G. M. Lambertson*, for the relator.

1. The county court is a court of record and, except in real actions, has a general jurisdiction, but limited.

The county court has a seal, as the 20th section of the probate act requires all writs to be sealed, which is all the statutory requirement for the district court to have a seal. (Civil Code, § 64.)

2. The only remaining requirement is, that only such courts of record as have a clerk are vested with the power to act in matters of naturalization. Upon this requirement we say: *First*. That the appointment of a clerk is a power incident to and inherent in a court of record as such, if there is no statute making provision for his appointment or election otherwise, and the failure of the legislature to provide the compensation does not deprive the court of power to make such appointment. *Second*. It is shown by the application that under the act of 1877, page 215, the county commissioners may authorize the employment of assistance, and that in Lancaster county they have authorized the employment of a clerk in the county court. *Third*. It is further shown that, pursuant to its general powers in that behalf, and the special authority of the commissioners under the act of 1877, the court has appointed a clerk, who is acting as such officer.

3. The court therefore has jurisdiction in matters of naturalization. *Ex parte Gladhill*, 8 Met., 168, 171. *Dale v. Irwin*, 78 Ill., 170, 183. *People v. McGowan*, 77 Ill., 644, 647, 652. *People v. Pease*, 30 Barbour, 588, 600, 605. *In re Smith* (opinion by Judge McLean) cited 30 Barb., 603; and 77 Ill., 657. *State v. Whittemore*, 50 New Hamp., 245. *In re Martin Conner*, 39 Cal., 98. *Ex parte Burkhardt*, 16 Texas, 471. *Robbins v. Durell*, 1 Idaho, 50.

*E. E. Brown*, for the respondent.

No brief on file.

GANTT, CH. J.

This is a motion for a peremptory writ of mandamus, to be directed to the defendant, county judge of Lancaster county, "commanding him to allow the making and filing the declaration of intention of the relator to become a citizen of the United States." The question in the case is, whether the county court is competent to receive an alien's preliminary declaration to become a citizen.

Section 2165 of the Revised Statutes of the United States provides that an alien who desires to become a citizen of the United States "shall declare on oath before a circuit or district judge of the United States, or a district or supreme court of the territories, or a court of record of any of the states, having common law jurisdiction and a seal and a clerk," etc. Under this law the essential requisites to confer jurisdiction in such case upon a state court are, that it must have common law jurisdiction, a seal, and a clerk.

It may be conceded that the county courts of our state have common law jurisdiction to some extent, and a seal; but has it a subordinate officer known in law as the clerk of a court, and within the meaning of the act of congress? Several authorities were referred to by counsel of the relator in support of the motion, but in each of those cases the only question raised and discussed seemed to be whether the court had common law jurisdiction in the sense in which the term is employed in the act of congress, and no point seems to have been made in reference to a clerk of the court.

In *Ex parte Conner*, 39 Cal., 98, it appears that the "county courts are courts of record, having seals and clerks," and the only question in the case was "whether they have common law jurisdiction in the sense in which that term is employed in the act of congress."

In *People v. McGowan*, 77 Ill., 647, it appears that the court in which the declaration was filed was "a court of record having a seal and a clerk, and was given all the powers, was to perform all the duties, and be subject to the restrictions of courts of record as such, according to the provisions of the laws of the state."

But in *Ex parte Gladhill*, 8 Met., 171, which seemed to be most relied on by relator's counsel, SHAW, C. J., remarked that "it might be urged that the act of congress intended to limit the power to a court having a separate recording officer whose act should authenticate its doings, and that the signature of a separate officer might add something to the credit due to an authenticated transcript. On the other hand it might be urged with some plausibility that if the judge is specially vested by law with the clerical authority, the court has a clerk within the letter and equity of the statute." These remarks are in the nature of suggestions in the case, and cannot be said to be even *dicta*, and therefore cannot have any force as authority. But the judge further says, that in that case "the doubt is removed by the act of 1838, which provides that the justice of the police court should have a clerk, who shall be sworn * * * who is a separate and independent officer."

But in the *State v. Whittemore*, 50 N. H., 251, the question raised in the case at bar was directly involved, and in this case it was held that a court without any clerk, distinct from the judge of such court, is not a court "having a clerk" within the meaning of the act of congress, and that such court is not competent under the act of congress to naturalize aliens. SMITH, J., who delivered the opinion of the court, cites the case of Michael Cregg, 2 Curtis, C. C. R., 98, which is to the same effect, and was decided by Judges Curtis and Sprague in the United States circuit court for the district of Massachusetts in October, 1854.

State, ex rel. Fossler, v. Webster.

Judge Curtis, in his opinion in the latter case, says that a court "in which the justice was the recording officer was not a court having a clerk within the meaning of the act of congress. Certainly it does not come within the terms of that act, which clearly imply that there may be courts of record having a seal and common law jurisdiction, but no clerk, and that such courts are not included by the act. * * * When the act speaks of courts of record it speaks of courts whose proceedings are duly recorded by authorized persons; and where it says 'having a clerk,' it superadds the requirement that those proceedings shall be recorded by one of those officers. Unless the act be so construed, the requirement of a clerk would have no meaning. The act would have the same construction as if it were stricken out, because the words 'court of record' would convey with them the necessity of having the proceedings recorded by some one by authority of law. Nor do we consider it a vain and useless precaution to confine the power to naturalize aliens to courts in which one of those officers is found."

It was, however, contended by relator's counsel that under the act of February 15, 1877, the county commissioners of Lancaster county were authorized to and did furnish the county judge with a clerk or assistant. This act is entitled "an act to regulate the fees of county judges, county clerks, sheriffs, and county treasurers." It provides that where the fees of each county judge and county clerk shall in the aggregate exceed fifteen hundred dollars, and when the fees of each sheriff and county treasurer shall exceed two thousand dollars per year, such officers shall pay such excess into the treasury of the county in which they hold their respective offices; and then follows a provision which enables the county commissioners, under certain circumstances, to furnish the county treasurer with nec-

essary clerks or assistants, the sheriff with necessary jail guard and one deputy, and the county clerk with one deputy; and by a second proviso, that, under certain other circumstances, these officers may have "assistants or deputies" if the "county commissioners shall, upon application, have found the same to be necessary," but nowhere in this act is there any authority given, either express or implied, for the appointment of a clerk for the county judge. And as no authority is given for the appointment of a clerk for the county judge, it is not necessary to express any opinion upon the question whether, under the provision of the constitution, which declares that "no bill shall contain more than one subject, and the same shall be clearly expressed in its title" —that portion of the act authorizing the appointment of clerks, deputies, and assistants can have any force under the title of the act, which is restricted to the regulation of the fees of the several officers therein named.

In our opinion the county court has no jurisdiction over applications for naturalization of aliens, and therefore the writ of mandamus must be

DENIED.